IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROMELLO BOOKER,

                Plaintiff,

v.                                           OPINION and ORDER

TIMOTHY NELSON, BILLIE FREDRICK,                19-cv-12-jdp
NATHAN PRESTON, and THEODOR ANDERSON,

                Defendants.[1]

---

Pro se plaintiff Romello Booker is suing officers at Columbia Correctional Institution (CCI), where he was formerly incarcerated. Dkt. 1. He says that defendant Timothy Nelson used excessive force against him while defendants Billie Fredrick (formerly known as Billie Pejskar) and Nathan Preston failed to intervene. And he says that after the incident, defendant Theodor Anderson punished him by putting him in a cold cell with only a paper smock for warmth.

After screening Booker's complaint under 28 U.S.C. §§ 1915 and 1915A, I gave him leave to proceed on claims against defendants under the Eighth Amendment to the United States Constitution. Dkt. 8. Anderson now moves for summary judgment on Booker's claim against him. Dkt. 30. (The other defendants have not moved for summary judgment.) Anderson submits undisputed evidence showing that the average cell temperature in Booker's area did not drop below 76 degrees, and Booker did not complain about the temperature in his cell to Anderson or any other CCI staff member. These conditions did not violate the Eighth Amendment, so I will grant Anderson's motion and dismiss him from this case.

---

[1] I have updated the caption to reflect defendants' names as indicated in their answer, Dkt. 12.

I will also consider two other motions that Booker has filed. First, he asks me to appoint counsel to represent him. Dkt. 45. But I don't have the authority to appoint counsel to represent him, and he hasn't shown that his case warrants my assistance in recruiting counsel. Second, he asks me to sanction defendants because they have not responded to his discovery requests. Dkt. 51. But Booker has not served his discovery requests on defendants as required by this court, so I will deny his motion for sanctions.

## UNDISPUTED FACTS

The following facts are undisputed except where noted.

On January 5, 2018, defendant Theodor Anderson, a lieutenant at CCI, placed plaintiff Romello Booker on controlled separation status in CCI's Disciplinary Separation 1 (DS-1) unit after Booker assaulted other CCI staff. Inmates on controlled separation are allowed to have only limited property in their cells. They may gain access to additional property by showing positive behavior. They are usually given a smock and a mattress at the time of placement, but Booker was not initially given these items because of his behavior. After a few hours, Booker was given a paper smock to wear. He eventually received a thin mattress, although it is unclear from the parties' submissions when this occurred.

While Booker was on controlled separation, CCI staff checked on him every 30 minutes. In their logs of these checks, CCI staff did not record any complaints from Booker about the temperature in his cell, and Booker does not allege that he made any such complaints.

Booker remained in the same cell in DS-1 between January 5 and February 6, although he was not on controlled separation for the entire period. Anderson says that DS-1 often feels cooler during the winter, but he does not recall it being unusually cold during this time. CCI's

building and grounds supervisor, Isaac Hart, says in a declaration that he has no records of any complaints or work orders regarding the temperature in DS-1 during this period. Dkt. 33, ¶ 13. Hart also provides temperature logs showing the average temperature in the cells on Booker's side of the DS-1 unit for each hour of each day during this period. Dkt. 33-1. Hart does not explain how this average is calculated. These logs show an average cell temperature in this area of at least 76 degrees for each hour during this time.

## ANALYSIS

### A. Summary judgment

Booker says that Anderson violated his rights under the Eighth Amendment by placing him into a cold cell. The Eighth Amendment guarantees prisoners humane conditions of confinement to protect their health and safety. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). This includes protection from extreme cold. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). In determining whether a cell's temperature is constitutionally inadequate, courts should consider several factors, including the severity and duration of the cold; whether the prisoner has other means to protect himself from the cold, and the adequacy of those means; and whether other uncomfortable conditions exacerbate the prisoner's situation. *Id.* at 644.

The temperature logs that show that the average temperature on Booker's side of the DS-1 unit did not fall below 76 degrees while he was incarcerated there. Booker says that the heating system could shut down for a few hours at a time, and he says that he felt colder because his cell was empty and because he had no clothing or bedding. But he doesn't challenge the logs' accuracy, whether in general or with respect to his particular cell, and he doesn't say

3

that he ever complained about the temperature in his cell. He says in his brief that he was not given any materials with which he could file a complaint about the conditions in his cell, but he doesn't dispute that he had the opportunity to complain about the temperature verbally during regular staff checks.

An indoor temperature of 76 degrees without any means of providing extra warmth might feel uncomfortably cool for some people. But the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). It protects only against "extreme deprivations," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), that deprive prisoners of a "minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes*, 452 U.S. at 347). An indoor temperature of 76 degrees does not meet this standard, even without clothing or bedding. *See, e.g., Gruenberg v. Tetzlaff*, No. 13-cv-95-wmc, 2015 WL 5440615, at *6 (W.D. Wis. Sept. 15, 2015) (cell temperature of 60 degrees without clothing or blanket not uncomfortable enough to violate Eighth Amendment).

Anderson also contends that he is entitled to qualified immunity for his actions, but I do not need to consider that argument because the undisputed facts show that the temperature in Booker's cell was not cold enough to violate the Eighth Amendment. Accordingly, I will grant Anderson's motion for summary judgment and dismiss him from this case.

B. **Appointment of counsel**

Booker has filed a motion for appointment of counsel. Dkt. 45. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent pro se plaintiffs in civil matters. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647,

4

654, 656 (7th Cir. 2007) (en banc). So I will construe Booker's motion as a motion for assistance in recruiting counsel.

A pro se plaintiff who wants court assistance in recruiting counsel must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Booker is proceeding in forma pauperis under 28 U.S.C. § 1915, Dkt. 5, so he has met this requirement.

Second, he must show that he has made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). Booker provides the names and addresses of three law firms that he says declined to take his case after he contacted them. This meets the second requirement.

Third, he must show that his case is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case is greater than his demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655.

Booker says only that his case has become difficult for him. He does not describe any specific litigation tasks that he is unable to perform or any evidence that he is unable to understand. Booker's Eighth Amendment claims are factually straightforward and relatively simple compared to many cases brought by pro se litigants. His primary responsibility at trial will be to tell the jury his version of events, and nothing about his filings to date suggests that he will be unable to tell his version of events at trial, so I will deny his motion.

Booker will soon receive a trial preparation order from the court that will provide him with more guidance about how to present his claims at trial. If Booker has specific questions about what to do at trial after he reads that order, he should write to the court to ask his questions.

## C. Sanctions

Booker moves for sanctions against defendants because they have not responded to discovery requests that he filed with the court on March 26, 2020. Dkt. 51. As Booker was told in the pretrial conference order, Dkt. 13, at 9, and as the clerk of court has twice reminded him, Dkt. 27 and Dkt. 44, this court requires litigants to serve discovery requests directly on opposing parties. Courts read filings from pro se litigants like Booker generously, but this does not excuse pro se litigants from compliance with procedural rules. *Brooks v. Complete Warehouse & Distrib. LLC*, 708 Fed. App'x 282, 285 (7th Cir. 2017). Booker says that defendants responded to a prior discovery request that he filed directly with the court, Dkt. 26, so they should be sanctioned for refusing to respond to a second request that he filed in the same way. But I will not sanction defendants for extending a courtesy to Booker once but declining to do so a second time.

## ORDER

IT IS ORDERED that:

1. Defendant Theodor Anderson's motion for summary judgment, Dkt. 30, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of Anderson and dismiss him from this case.

3. Plaintiff Romello Booker's motion for assistance in recruiting counsel, Dkt. 45, is DENIED without prejudice.

4. Booker's motion for sanctions, Dkt. 51, is DENIED.

Entered June 19, 2020.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge