IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROMELLO BOOKER,

                Plaintiff,

v.                                                             PRE-TRIAL ORDER

TIMOTHY NELSON, BILLIE FREDRICK,                     19-cv-12-jdp
and NATHAN PRESTON,

                Defendants.

---

The court held a final pretrial conference by telephone on August 21, 2020. Plaintiff Romello Booker appeared pro se; defendants appeared by counsel, Brandon Flugaur and Samir Jaber. I reviewed the trial process and gave Booker and defense counsel the opportunity to ask questions. I also reviewed the draft voir dire, preliminary and post-trial jury instructions, and special verdict form. The parties had no objections to these drafts.

Trial will begin with a pretrial conference at 8:30 a.m. on Monday, August 31, with jury selection to follow at 9:00 a.m. The parties predict that it will take two days to try the case. I will tell the jury that the trial will likely last two days but that they should be available through Thursday.

The rest of this order states the rulings made during the conference.

Defendants' motion to amend its witness list by substituting Joe Cichanowicz for Brian Gustke, Dkt. 71, is granted, as is their motion to allow certain witnesses to testify by videoconference, Dkt. 73.

Defendants' expert witness disclosure, Dkt. 25, is insufficient to support testimony by Cichanowicz that defendants' actions complied with their training or followed policies. He may

testify about what the training and policies are, but not about whether defendants' actions complied with their training or any DOC or institution policies.

The parties stipulated that defendants may present an audio recording and transcript of Ben Oetzman's interview of Booker.

Defendants have submitted three motions in limine. Dkt. 65. Defendants' motion in limine No. 1 is granted: Booker may not introduce evidence of other legal proceedings involving defendants, inmate grievances against defendants (except for Booker's grievances related to this case), or defendants' personnel file work history.

Defendants' motion in limine No. 2 is granted: Booker may not introduce evidence of other lawsuits against the Wisconsin Department of Corrections or its current or former employees.

Defendants' motion in limine No. 3 is granted in part: defendants may ask Booker and Mikal Jones about the number and dates of their felony convictions, but they may not introduce evidence of the titles of the crimes.

I addressed two issues regarding the parties' evidence. First, defendants' exhibit list includes incident reports that defendants themselves have created. Defendants may not offer these reports as evidence, but Booker may use them to impeach defendants. Second, Booker has not yet submitted a list of exhibits that he intends to offer at trial. He must submit such a list by August 24, 2020.

Entered August 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge